David M.1 Lilienstein, Esq. SBN 218923
Katie J. Spielman, Esq. SBN 252209
**DL LAW GROUP**
345 Franklin St.
San Francisco, California 94102
Telephone: (415) 678-5050
Facsimile:  (415) 358-8484
E-mail: david@dllawgroup.com, katie@dllawgroup.com

Attorneys for Plaintiffs,
NATHANIEL W. & GEORGE W.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL W. & GEORGE W.,<br><br>    Plaintiffs,<br><br>    v.<br>UNITED BEHAVIORAL HEALTH, dba OPTUM, THE CHARLES SCHWAB CORPORATION BENEFIT PLAN, CHARLES SCHWAB & CO., INC., and DOES 1 through 10,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; BREACH OF FIDUCIARY DUTY; PREJUDGMENT AND POSTJUDGMENT INTEREST; STATUTORY PENALTIES; AND ATTORNEYS' FEES AND COSTS** |

Plaintiffs, NATHANIEL W. and GEORGE W. herein set forth the allegations of this Complaint against Defendants THE CHARLES SCHWAB CORPORATION BENEFIT PLAN, UNITED BEHAVIORAL HEALTH, dba OPTUM, CHARLES SCHWAB & CO., INC., and DOES 1 through 10.

## PRELIMINARY ALLEGATIONS

### JURISDICTION

Plaintiffs bring this action for relief pursuant to Section 502 (a) (1) (B) of the

1
**COMPLAINT**

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B), and for equitable relief pursuant to ERISA Section 502 (a) (2) - (3), 29 U.S.C. Section 1132 (a) (2) - (3). This Court has subject matter jurisdiction over Plaintiffs' claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiffs for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and enforcing Plaintiffs' rights under the terms of an employee benefit plan named as a Defendant. Plaintiffs seek relief, including but not limited to: past behavioral health benefits in the correct amount related to Defendants' improper denial of Plaintiffs' claim; equitable and surcharge relief; prejudgment and post judgment interest; statutory penalties, and attorneys' fees and costs.

**PARTIES**

1.   Plaintiffs are, and at all times relevant were, residents of California.

2.   At all relevant times, George W. participated in The Charles Schwab Corporation Benefit Plan, an employee welfare benefit plan ("the Plan") within the meaning of ERISA Section 3 (1), 29 U.S.C. Section 1002 (1), sponsored by George W.'s employer and administered by United Behavioral Health, D/B/A Optum ("OPTUM").

3.   Charles Schwab & Co., Inc. was the Plan Administrator.

4.   Nathaniel W. is George W.'s son and a plan beneficiary.

5.   At all relevant times, the Plan was an insurance plan that offered, *inter alia*, behavioral health benefits to employees and their beneficiaries, including Plaintiffs. This action involves behavioral health related claims made and denied by the Plan's behavioral health claim administrator, OPTUM.

**FACTS**

6.   The Plan guarantees, warrants, and promises coverage for "Medically

Necessary" health care services, care and treatment, including but not limited to: health care services, mental health care, and the treatment at issue herein.

7. At all relevant times, Nathaniel W. was a beneficiary of the Plan.

8. Nathaniel was diagnosed with and suffers from, *inter alia,* Generalized Anxiety Disorder, Major Depression, Obsessive Compulsive Disorder, and suicidal ideations.

9. At the age of seven Nathaniel began to experience severe anxiety and was bullied in school.

10. As a result of his conditions, Nathaniel began treatment with a therapist at the age of ten and was prescribed medications to address his psychological and behavioral health issues.

11. Nathaniel experienced severe anxiety at school. He resisted attendance and performed poorly. He isolated himself and became socially withdrawn.

12. Nathaniel's mental health conditions deteriorated in adolescence, and he manifested symptoms of self-harming behavior and property destruction.

13. Nathaniel developed an eating disorder, which, along with his other self-harming behaviors, resulted in a psychiatric hospitalization and residential treatment care at Mountain Valley Treatment Center.

14. Nathaniel received treatment at Mountain Valley Treatment Center until he was discharged to Franciscan Hospital for Children due to, *inter alia,* self-harm and suicidal ideations.

15. Nathaniel returned to Mountain Valley Treatment Center until the treatment center determined it could not help him further.

16. He was enrolled in Waypoint Academy and was discharged due to abusive behavior to staff.

17. Nathaniel was next admitted to the University of Utah Health Care Neuropsychiatric Institute to address his psychological disturbances.

18. Upon discharge, Nathaniel was admitted to Pacific Quest residential

treatment center.

19. Plaintiffs filed behavioral health claims for Nathaniel's treatment at Pacific Quest under The Plan.

20. The Plan, by and through OPTUM, denied coverage for Nathaniel's treatment at Pacific Quest, on the basis that the level of care and/or requested treatment, was not medically necessary.

21. Plaintiffs timely appealed OPTUM's claim denial.

22. OPTUM, on behalf of the Plan, rejected Plaintiffs' appeal.

23. As a result, Plaintiffs were forced to pay for Nathaniel's care and treatment at Pacific Quest from their own personal funds.

24. After the completion of Nathaniel's full course of treatment at Pacific Quest, pursuant to the terms of The Plan, Plaintiffs filed post-service claims for the care and treatment Nathaniel received at Pacific Quest.

25. Defendants failed to respond to Plaintiffs' post-service claims, therefore under applicable ERISA law, the post-service claim is deemed denied.

26. Plaintiffs have exhausted all administrative remedies regarding the denial of Nathaniel's behavioral health benefits.

27. During the appeals process, Plaintiffs requested copies of their policy and claim file. Pursuant to ERISA Section 502(c), 29 U.S.C. § 1132(c), any administrator is required to furnish copies of plan documents and relevant claims information within thirty days of a plan participant or beneficiary's request. Plaintiffs received the policy and claim documents over fourteen months after their request. This failure to provide copies of the plan documents violates § 1132(c).

28. The failure to provide copies of the policy and claim file prevented Plaintiffs from having all the information necessary to provide a full appeal of this claim denial. This resulted in the failure of The Plan, by and through OPTUM, to provide a full and fair review of the health care claims that are the subject of this litigation.

**COMPLAINT**

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Recovery of Benefits Due Under an ERISA Benefit Plan
**(Against all Defendants, For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorney's Fees and Costs, Pursuant to ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a) (1) (B))**

29. Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

30. ERISA Section 502 (a) (1) (B), 29 U.S.C.A. Section 1132 (a) (1) (B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiffs' rights under the terms of a plan.

31. At all relevant times, Plaintiffs were insured under the health care plan at issue herein, and Plaintiff Nathaniel W. met the medical necessity criteria for treatment required under the terms and conditions of the Plan.

32. By denying Plaintiffs' behavioral health claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiffs' rights thereunder.

33. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty
**(Against Defendant OPTUM
29 U.S.C. §§ 1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))**

34. Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

35. At all relevant times, OPTUM was a fiduciary with respect to its exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

**COMPLAINT**

36. At all relevant times, OPTUM was acting as a claim fiduciary and plan fiduciary. Under 29 U.S.C. § 1104(a), OPTUM is required to discharge its duties with the care, skill, prudence, and diligence under the circumstances that a prudent man acting in like capacity and familiar with such matters would use under 29 U.S.C. § 1104(a). Under ERISA, which is founded in trust principles, OPTUM is required to administer claims in the best interests of beneficiaries and participants as part of its fiduciary duty.

37. In addition to the allegations and causes of action set forth in the preceding paragraphs of this Complaint, Plaintiffs assert a breach of fiduciary duty cause of action against OPTUM in their capacities as individual Plan participants and beneficiaries, and on behalf of all other participants and beneficiaries of the Plan.

38. OPTUM breached its fiduciary duties pursuant to 29 U.S.C. § 1132(a)(2)-(3). OPTUM's unreasonable and unconscionable claims handling was discharged imprudently and caused Plaintiffs harm that cannot be recovered under 29 U.S.C. § 1132(a)(1)(B). Instead of, *inter alia*, fully and fairly reviewing the medical evidence, OPTUM found reasons to deny Plaintiffs' claim. Furthermore, OPTUM used claims review criteria that are not consistent with standards of care generally accepted in the medical community.

39. OPTUM's actions have caused Plaintiffs significant harm. Plaintiffs have been forced to pay out-of-pocket for Nathaniel W.'s treatment, and have incurred significant attorney's fees because of OPTUM's conduct. By unreasonably and unconscionably denying Plaintiffs' benefits, OPTUM breached its fiduciary duties. To the extent that OPTUM's unreasonable and unconscionable denial of benefits caused Plaintiffs harm unrecoverable under 29 U.S.C. § 1132(a)(1)(B), that harm is recoverable under 29 U.S.C. § 1132(a)(2)-(3).

40. OPTUM was unjustly enriched as a result of its breach of fiduciary duty violations, because it wrongfully withheld Plaintiffs' benefits for its own profit.

41. OPTUM attempted to circumvent its obligations under ERISA, and these violations are by definition under 29 U.S.C. § 1132(a)(3) conduct that can be enjoined by

1 this court. For example, OPTUM failed to provide requested plan documents to Plaintiffs for over fourteen months despite five separate requests to furnish the information. OPTUM further failed to process and render a decision on Plaintiff's post-service claims for Nathaniel's treatment at Pacific Quest as it was required to do under the provisions of The Plan. OPTUM's conduct is an attempt to avoid its obligation to provide a "full and fair" review as required by ERISA.

42. Plaintiffs are entitled to a judicial remedy in the form of appropriate equitable relief to enjoin any act or practice by OPTUM which violates ERISA or the Plan, to address OPTUM's breaches of fiduciary duties and to enforce the provisions of the Plan in accordance with ERISA.

### THIRD CAUSE OF ACTION

**Breach of Fiduciary Duty**
**(Against Defendant CHARLES SCHWAB & CO., INC.**
**29 U.S.C. §§ 1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))**

43. Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

44. Charles Schwab & Co., Inc., as Plan Administrator, is a fiduciary and owes fiduciary duties to Plan participants and beneficiaries, including Plaintiffs. Under 29 U.S.C. § 1104(a), Charles Schwab & Co., Inc. is required to discharge its duties with care, skill, prudence, and diligence under the circumstances that a prudent person acting in like capacity and familiar with such matters would use under 29 U.S.C. § 1104(a). Under ERISA, which is founded in trust principles, Charles Schwab & Co., Inc. is required to act in the best interests of Plan participants.

45. Charles Schwab & Co., Inc. acted imprudently by failing to oversee OPTUM's claims administration. Charles Schwab & Co., Inc., as the Plan Administrator, knew or should have known that Optum handled claims against the best interests of its employees and not pursuant to the Plan.

46. On information and belief, Charles Schwab & Co., Inc., as the Plan Administrator, did not periodically review OPTUM's actions as a fiduciary under the Plan.

47. On information and belief, the Plan Administrator's failure to periodically review OPTUM's actions as a fiduciary under the Plan was unreasonable and constituted a breach of fiduciary duty.

48. On information and belief, if the Plan Administrator did periodically review OPTUM's actions as a fiduciary under the Plan, then its periodic review was unreasonable and constituted a breach of fiduciary duty.

49. On information and belief, the Plan Administrator is liable for OPTUM's actions, because the Plan Administrator violated its fiduciary obligations by designating OPTUM's as the Claims Administrator and fiduciary and/or by failing to protect Plan participants and beneficiaries from OPTUM's conflicted and adversarial claims handling.

50. Plaintiffs are entitled to injunctive and/or mandamus relief under 29 U.S.C. § 1132(a)(2)-(3). They are entitled to enjoin any act or practice by Defendants that violate ERISA or the Plan, and/or they are entitled to seek other appropriate equitable relief that is traditionally available in equity.

51. Because of OPTUM's breach of fiduciary duties to Plan participants and beneficiaries, and because of Charles Schwab & Co., Inc.'s failure to appropriately monitor OPTUM and protect Plan participants and beneficiaries from OPTUM's breaching conduct as Claims Administrator, the Plan Administrator should be enjoined from employing OPTUM as its Claims Administrator for behavioral health claims under the Plan. The Plan Administrator should further be required to implement appropriate procedures in oversight of the Claims Administrator for behavioral health benefits under the Plan, which would maintain accountability for the administrative responsibilities it seemingly freely delegates to OPTUM.

52. Plaintiffs relied on the Plan and Charles Schwab & Co., Inc. to their detriment.

53. Plaintiffs were actually harmed by Charles Schwab & Co., Inc.'s failure to

oversee OPTUM's conduct.  Plaintiffs are entitled to surcharge relief as a result of Charles Schwab & Co., Inc.'s breach of fiduciary duties.

54. Pursuant to 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover their attorneys' fees and costs incurred herein from Defendants.

## FOURTH CAUSE OF ACTION

**Statutory Penalties**
**(Against Defendants OPTUM, CHARLES SCHWAB & CO., INC., and THE CHARLES SCHWAB CORPORATION BENEFIT PLAN**
**29 U.S.C. § 1132)**

55. Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

56. On or about January 29, 2016, and repeatedly thereafter, Plaintiffs made a proper written request for documents to which they were entitled under 29 U.S.C. § 1132 and other relevant sections of ERISA.  All of these documents were not provided in response to that request nor to five further, repeated requests.  Defendants did not provide said documents until April 7, 2017.  Defendants' failure to provide said documents within thirty (30) days of Plaintiffs' original request entitled Plaintiffs to civil penalties of $110 per day per document request, as described in 29 U.S.C. § 1132(c)(1) and as set forth in 29 C.F.R. § 2575.502 c-1.  Said penalties begin on the thirty-first day following the date Defendants received Plaintiffs' document requests.

57. As a direct and proximate result of the foregoing actions and omissions, Defendants have breached their obligations and duties under ERISA, as plan administrators, claims administrators, and plan fiduciaries.

58. As a further direct and proximate result of the foregoing actions, Plaintiffs have suffered irreparable harm by not being able to fully and fairly prosecute their claim through an appropriate administrative appeal process, and by not being able to fully and fairly preserve the administrative record pertaining to their claim.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that the Court grant the following relief:

    A.    Declare that the Defendants, and or each of them, violated the terms of the Plan by declining to provide behavioral health benefits;

    B.    Order Defendants, and or each of them, to pay the behavioral health benefits due, together with prejudgment interest on each and every such benefit payment through the date judgment at the rate of 9% compounded;

    C.    For injunctive relief enjoining the Plan Administrator from employing OPTUM as the behavioral health Claims Administrator under the Plan;

    D.    All other equitable relief that is proper as a result of Defendants' breach of fiduciary duties;

    E.    Order statutory penalties available under 29 U.S.C. §1132(c)(1);

    F.    Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g);

    G.    Provide such other relief as the Court deems equitable and just.

Dated: October 31, 2017                        Respectfully submitted,

                                                      DL LAW GROUP

                                                      By: _____/s/_____
                                                      David M. Lilienstein, Esq.
                                                      Katie J. Spielman, Esq.
                                                      Attorneys for Plaintiffs, Nathaniel W. and George W.

**COMPLAINT**